# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHELLY KAPLAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 99 C 1758 |
| v. ) | |
| ) | Hon. Blanche M. Manning |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shelly Kaplan, a Chicago police officer, brought this action against the City of Chicago ("the City") alleging discrimination/harassment (based on her religion, Judaism) and retaliation, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). The present matter comes before this Court on the City's motions in limine to bar certain evidence and arguments at trial, which is scheduled to begin on May 16, 2005. For the reasons set forth herein, the Court GRANTS these motions except as to the motion pertaining to damages for emotional distress.

## BACKGROUND[1]

Kaplan, who is Jewish, has been employed as a Chicago police officer since 1991. On April 17, 2003, Kaplan filed an Amended Complaint ("the Complaint") alleging that the City: (1) discriminated against her based on her religion; (2) failed to reasonably accommodate her religious beliefs; (3) permitted religious harassment so severe that it created a hostile work environment; and (4) retaliated against her after she filed complaints with the EEOC. The Court

---

[1] A complete factual summary of this case is set forth in this Court's November 2, 2004, Memorandum and Order ("the November Order"). The Court will thus only address the facts which are relevant to the motions in limine.

will briefly discuss the allegations surrounding each of these claims and the Court's disposition of them in the November Order on the City's Motion for Summary Judgment.

In her claim for religious discrimination, Kaplan put forth the following adverse employment actions by the City: (1) failing to put her on "injured on duty status" after she suffered "work-related injuries" in March 1996 and in 1999; (2) investigating her for "excessive injury claims" in August and November of 1996; (3) refusing to allow her to file "an injury on duty report" in September 1996; (4) not permitting her to "return to work" in November 1996; (5) rejecting her request for tuition reimbursement; and (6) "stripp[ing] of her police powers and requir[ing] [her] to stop working." Although the Court found that some of the above constituted adverse employment actions, it entered judgment on Kaplan's discrimination claim because she failed to: (1) present any evidence that the City treated her less favorably than similarly situated police officers who were not in her protected class; and (2) rebut the City's legitimate reasons for its employment decisions.

Kaplan also asserted a hostile environment claim on the grounds that "[t]hroughout her career with the Chicago Police Department, [she] has been subject to discriminatory terms and conditions because of her religion, Judaism." In granting the City's motion for summary judgement on this claim, the Court found that Kaplan failed to put forth sufficient evidence to show that she was subjected to a "pervasive and abuse work environment" because of her religion. Over the course of 13 years on the police force, Kaplan only put forth three events which specifically pertained to her religious beliefs.

The Court also granted judgment on Kaplan's retaliation claim, in which she alleged that after she filed two EEOC complaints, the City investigated and punished her for unfounded

complaints made by her supervisors. The Court found that these allegations were not sufficient to set forth a prima facie case for retaliation because she failed to put forth any evidence showing a causal connection between her EEOC complaint and the investigations.

Kaplan also claims that the City violated Title VII by failing to reasonably accommodate her religious beliefs by scheduling "promotional exams" on Saturdays (the day of the Jewish Sabbath). Due to operational requirements and costs, the City only offers promotional tests to police officers on Saturdays. Unfortunately, for Kaplan, as a Jewish person who observes the Jewish Sabbath, her religious practices prevent her from taking Saturday exams before sundown. According to police procedure, the City worked with Kaplan to accommodate her religious beliefs. On at least two occasions, Kaplan took the promotional exams at a time other than regularly scheduled. For example, the City permitted Kaplan to take the 1993 sergeant exam after the conclusion of her Sabbath. To ensure the integrity of the test, a fellow police officer accompanied Kaplan throughout the day. In 1994, the City again accommodated Kaplan by allowing her to take the detective promotion exam before the start of the Jewish Sabbath, which begins at sundown on Friday. To ensure the integrity of the test, after taking the exam on Friday afternoon, Kaplan stayed in a hotel with a fellow police officer, who also accompanied her on Saturday, until the regularly scheduled test was completed.

Despite having reached an accommodation agreement in 1993 and 1994, Kaplan and the City were unable to reach an arrangement for her to take promotional tests in 1998, 1999, and 2002. As with the previous tests, the City offered to accommodate Kaplan by permitting her to take the exams on Saturday evening. To take the rescheduled test, however, the City required that Kaplan permit a Chicago policewoman and a female employee of the testing service to

accompany her to her synagogue and watch her there the entire day while she attended Sabbath services and then accompany her to take the test that evening. The City contends that Kaplan had to be accompanied and watched all day to ensure the integrity of the tests. Although she had previously agreed to this or similar arrangements, Kaplan rejected these offers as unreasonable

In denying the City's motion for summary judgment on this claim, this Court agreed that while it is important to ensure the integrity of the promotional exams, whether it was reasonable for two persons, including a policewoman, to actually come into Kaplan's synagogue and watch her and the congregation for the entire day is a question of fact.

After the November Order and just prior to the deadline for filing the Pretrial Order, Kaplan moved to again amend the Complaint adding additional claims for retaliation and failure to accommodate, all of which stemmed from allegations occurring after December of 2004. In denying this motion, this Court held that:

> because amendment of the complaint will prejudice defendant by delaying this case even longer, Kaplan's motion to amend is denied. This case has been pending for almost six years, since March 1999, a summary judgment motion has already been fully briefed and ruled on, the parties' pretrial order is scheduled to be filed in 3 days, on March 4, 2005, and the pretrial conference is set for one week from today. From what this court can discern from the proposed amendment, additional discovery would be required on Kaplan's proposed new claims, which will delay this long-pending case even more. Further, Kaplan has provided no reason why she did not file her proposed claim earlier. The first retaliation claim is based on conduct that occurred three months ago, in November 2004, and the failure to accommodate claim is based on the promotional exam offered two months ago. It is not clear why Kaplan waited until literally days before the pretrial order was due to seek leave to amend. While Kaplan's attorney stated that she only received the CR in this case a month ago, she did not specify why possession of the CR was necessary to file the amended complaint nor does the proposed amendment indicate that it was necessary. Although one of the two new retaliation claims is based on the fact that she was "stripped of her police powers" in early February, 2005, the court finds that the prejudice both to the defendant and the court based on the probable delay necessitated by the new claims requires that Kaplan's motion to amend be denied.

Now, with one claim remaining – failure to accommodate – this case is set for trial on May 16, 2005. Based in part on Kaplan's submissions in the Pretrial Order, the City has filed several motions in limine.

## ANALYSIS

The City seeks to bar Kaplan from presenting: (A) "any claim" that the City failed to make reasonable accommodations for her to take promotional exams other than the exams listed in the Complaint (the January and June 2002 tests); (B) "evidence of alleged retaliation"; (C) argument that she is entitled to punitive damages or damages for emotional distress; and (D) claims or evidence of "front-pay, back-pay and other equitable relief." The Court will address each of these motions in turn.

### A. Reasonable Accommodation

The City seeks to prevent Kaplan from claiming that the City failed to reasonably accommodate her religion with respect to promotional exams, except with respect to the two exams listed in the Complaint and which this Court denied summary judgment as to – the January and June 2002 exams. In response, Kaplan contends, without citing to any authority let alone any Federal Rule of Evidence, that she should be able to argue that the City failed to reasonably accommodate her in taking promotional exams in 1993, 1994, 1996, 1999, 2002, and 2004.

Kaplan's contention is without merit. As held in the November Order, all claims which Kaplan has concerning "discrete acts of discrimination" which occurred before February 26, 1996, are barred by the statute of limitations. A "discrete act" is one that an employee knows or should know (with the exercise of reasonable diligence) is discriminatory and includes acts

which "cannot be reasonably linked together into a single chain, a single course of conduct to defeat the statute of limitations." Tinner v. United Ins. Co. of America, 308 F.3d 697, 707-08 (7th Cir. 2002). Under this definition, a failure to accommodate claim is a discrete act. See Kielbasa v. Illinois Environmental Protection Agency, 2003 WL 880995, at *4 (N.D. Ill. Mar. 3, 2003); Horton v. Potter, 369 F.3d 906, 910 (6th Cir. 2004). Accordingly, Kaplan's failure to accommodate claims from 1993, 1994, and 1996 are time barred.

Additionally, this Court finds that Kaplan has waived her opportunity to assert claims stemming from exams prior to 2000. In her Complaint, Kaplan only asserts that she was denied reasonable accommodation for two exams in June and January of 2002. In her initial complaint, which was filed in 1999, Kaplan did not even assert a failure to accommodate claim. Indeed, in a deposition taken on October 6, 2000, Kaplan stated that she was not asserting a claim for failure to accommodate. Not until the present Complaint was filed on April 17, 2003, did Kaplan allege a claim for failure to accommodate, and even then, the Complaint only mentioned the exams in June and January of 2002. Given Kaplan's actions with respect to the failure to accommodate claims, this Court finds that it would be grossly unfair to the City to allow her to present claims which she, up until recently, disavowed.

Accordingly, this Court GRANTS the City's motion in limine on this issue.

**B. Retaliation**

The City also seeks to preclude Kaplan from introducing evidence that the City retaliated against her for seeking accommodation of her religious beliefs. As discussed herein and in the November Order, this Court dismissed Kaplan's retaliation claim. In an attempt to get around this ruling, Kaplan now contends that this conduct is part of her failure to accommodate claim. Because this is the first time that Kaplan has raised this issue and the Court previously dismissed

-6-

the retaliation claims, this Court holds that she is barred from now presenting such evidence.

C.  **Damages**

The City additionally moves to preclude Kaplan from introducing argument or evidence as to punitive damages or damages for emotional distress. The City is correct in that punitive damages are not recoverable against a municipality in a section 1983 suit. City of Newport v. Fact Concerns, Inc. 453 U.S. 247, 271 (1981); Bell v. Milwaukee, 746 F.2d 1205, 1270 (7th Cir. 1984). Therefore, Kaplan may not present any evidence or argument that the City is liable for punitive damages.

The City also contends that Kaplan has waived her right to seek damages for emotional distress because she: (1) specifically stated in response to the City's written discovery that she "is not claiming emotional distress"; (2) did not mention such damages in the Pretrial Order. Kaplan, however, specifically sought damages for "emotional distress" in her Complaint, which was filed after Kaplan answered the above discovery questions. Given that Kaplan requested damages for emotional distress in her Complaint, this Court, unless given a reason otherwise, finds that she should not be precluded from arguing emotional distress at trial. Accordingly, this Court DENIES the City's Motion in Limine to bar evidence regarding damages for emotional distress.

D.  **Front-Pay, Back-Pay and Other Equitable Relief**

The City further seeks to bar Kaplan from presenting "evidence or reference to front-pay, back-pay and other equitable relief." As a matter of law, back pay and front pay awards under Title VII are equitable issues for the judge's determinations rather than the jury. Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 500-01 (7th Cir. 2000); Farzier v. Indiana Dept. of Labor, 2003 WL 21254424, at * (S.D. Ill. Mar. 17, 2003). Accordingly, this Court grants the

City's motion in limine with respect to this issue.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant City of Chicago's Motion in Limine to bar Kaplan from presenting: (A) "any claim" that the City failed to make reasonable accommodations for her to take exams other than the exams in January and June of 2002 [124-1]; (B) "evidence of alleged retaliation"[122-1]; (C) argument that she is entitled to punitive damages [; and (D) claims or evidence of "front-pay, back-pay and other equitable relief" [120-1]. The Court, however, DENIES the City's Motion in Limine to bar Kaplan from presenting arguments that she is entitled to damages for emotional distress [126-1]. It is so ordered.

ENTER: 4/22/05

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATED:_____